1 **ROSELINE D. FERAL**
*Attorney at Law*
2 State Bar Number 128788
444 West C Street, Suite 310
3 San Diego, California 92101
Telephone: (619) 232-1010
4 Facsimile: (619) 231-2505

5 Attorney for MELKIADES LOPEZ-SALVATIERRA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE WILLIAM Q. HAYES)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 08CR2029-WQH |
| Plaintiff, ) | **NOTICE OF MOTION AND MOTIONS FOR:** |
| v. ) | **1) DISCOVERY,** |
| MELKIADES LOPEZ-SALVATIERRA,) | **2) SUPPRESS STATEMENTS, AND** |
| Defendant. ) | **3) LEAVE TO FILE FURTHER MOTIONS** |
| ) | Date: August 4, 2008 |
| ) | Time: 2:00 p.m. |

TO:   KAREN P. HEWITT, UNITED STATES ATTORNEY, AND
       PETER J. MAZZA, ASSISTANT UNITED STATES ATTORNEY;

PLEASE TAKE NOTICE that on August 4, 2008 at 2:00 p.m., or as soon thereafter as counsel may be heard, defendant, MELKIADES LOPEZ-SALVATIERRA, by and through his counsel, Roseline D. Feral, will move this court for the items listed in the attached motion and points and authorities in support of the motion for discovery.

///
///
///
///
///
///
///

08CR2029-WQH

1  This motion will be based on the points and authorities filed herewith, the records and
2  files in this cause, and on such additional material as may be presented to the Court prior to, or at
3  the time of the hearing of this motion.

4  DATED: July 15, 2008                    Respectfully submitted,

6      *S/ Roseline D. Feral*
   ROSELINE D. FERAL
   Attorney for Defendant MELKIADES LOPEZ-SALVATIERRA

**ROSELINE D. FERAL**
*Attorney at Law*
State Bar Number 128788
444 West C Street, Suite 310
San Diego, California 92101
Telephone: (619) 232-1010
Facsimile: (619) 231-2505

Attorney for **MELKIADES LOPEZ-SALVATIERRA**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE WILLIAM Q. HAYES)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MELKIADES LOPEZ-SALVATIERRA,) <br> Defendant. ) <br> ) <br> ) <br> _____ ) | Case No.08CR2029-WQH <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DISCOVERY, TO SUPPRESS STATEMENTS, AND LEAVE TO FILE FURTHER MOTIONS** <br><br> Date: August 4, 2008 <br> Time: 2:00 p.m. |

TO:  KAREN P. HEWITT, UNITED STATES ATTORNEY, AND
     PETER J. MAZZA, ASSISTANT UNITED STATES ATTORNEY;

**I.**

**STATEMENT OF FACTS**

On April 12, 2008, the defendant, MELKIADES LOPEZ-SALVATIERRA (LOPEZ), was apprehended by the United States Border Patrol near Tecate, California for illegal entry. Mr. LOPEZ was determined to be a citizen of Mexico who had been previously deported or removed from the United States. Based on this information, it is believed that Mr. LOPEZ illegally re-entered the United States after deportation, in violation of 8 USC §1326 "Deported Alien Found in the United States."

///

///

## II.

## MOTION TO COMPEL DISCOVERY

**A.   Defendant is Entitled to Discovery of Defendant's Statements**

Pursuant to Rule 16(a)(1)(A), *Brady v. Maryland*, 373 U.S. 83 (1963), and the Fifth and Sixth Amendments to the United States Constitution, defendant requests the disclosure of all statements, written, oral, and recorded, made by defendant which are in the possession, custody, or control of the government or which by the exercise of due diligence may become known to the government, regardless of to whom the statements were made. This includes all rough notes made by government agents which pertain to statements of the defendant.

A defendant has a right to inspect these requested statements. This has been extended to permit discovery of written summaries of the defendant's oral statements contained in handwritten notes of government agents. See *United States v. Johnson,* 525 F.2d 999 (2d Cir. 1975); *United States v. Bailleaux*, 685 F.2d 1105 (9th Cir. 1982).

**B.   Defendant is Entitled to Disclosure of any Prior Similar Convictions or Prior Similar Acts**

Federal Rule of Criminal Procedure 16(a)(1)(B) provides that, upon request of the defendant, the government shall furnish to the defendant a copy of defendant's prior criminal record, if any, as is within the possession, custody, or control of the government. Defendant makes this request.

The defendant also requests that the government provide discovery of any prior similar acts which the government will intend to introduce into evidence pursuant to Federal Rule of Evidence 404(b). The defendant must have access to this information in order to make appropriate motions to exclude the use of such evidence at trial. See *United States v. Cook*, 609 F.2d 1174 (9th Cir. 1985).

**C.   Defendant is Entitled to Examine any Documents, Tangible Items, and the like which are in the Possession, Custody, or Control of the Government**

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(C) and Brady v. Maryland, 373 U.S. 83 (1963), the defendant requests the opportunity to inspect and copy all books, papers, documents,

1  photographs, and tangible items which are in the possession, custody, or control of the government
2  and which are material to the preparation of the defense intended for use by the government as
3  evidence in the case in chief. The defendant further make these requests pursuant to <u>Brady v.</u>
4  <u>Maryland</u> on the ground that this evidence may provide exculpatory information that is beneficial
5  to the defendant in the defense against the charges in the indictment.

6  The request includes, but is not limited to the following: All search warrants and their
7  accompanying affidavits, as well as the opportunity to inspect the results of all searches conducted
8  by law enforcement officers pursuant to warrants and/or otherwise (this request includes the
9  searches of all residences, businesses, automobiles, and other locations regarding this case); all tape-
10 recorded conversations, closed circuit television surveillance of suspects, telephone toll analysis,
11 bank records and financial documents involving the case. This request also includes the results of
12 all follow-up investigations regarding the above-requested evidence. These requests are made
13 pursuant to Federal Rule of Criminal Procedure 16 and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

**D.     Due Process Exculpatory Information**

15 Pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>Giglio v. United States</u>, 405 U.S. 150
16 (1972), and the Fifth and Sixth Amendments to the United States Constitution, defendant requests
17 disclosure of all information of whatever form, source, or nature which tends to exculpate defendant
18 by indicating innocence, contradicting the government's theory of the case, and impeaching the
19 credibility of potential government witnesses. This request specifically includes all co-conspirator
20 statements, indicted and unindicted, all third party witness statements interviewed by government
21 agents and/or of which the government has custody dominion, or control. This request includes all
22 recorded conversations, electronic, mechanical, stenographic, or otherwise, of all co-conspirators,
23 indicted and unindicted, all defendants, and all potential witnesses which statements are relevant to
24 the subject matter charged in the indictment and are in the possession, custody, or control of the
25 government. It also includes such statements within the meaning of 18 U.S.C. Section 3504.

26 Defendant requests the government to provide all statements made by all potential witnesses,
27 including the identity , whereabouts, and statements of defendant's two companions. The term

1  "statements" as used in this request includes tape-recorded conversations, rough notes, correspondence, memoranda, or reports prepared directly by such persons and/or by any government agents (of any government entity) or attorneys. It includes all Grand Jury testimony, as well as previous in-court and trial testimony. It includes all government debriefings of all potential witnesses. If such statements were given orally to any government agent, defendant requests that they be committed to writing and produced forthwith.

Defendant requests access to prior testimony of all government witnesses. Two statutory provisions and one major constitutional provision must be considered in resolving any questions involving compelled disclosure of government witness statements. First, the Jencks Act, 18 U.S.C. Section 3500, regulates disclosure of witness statements, as defined by the Act, and prohibits any order requiring production prior to the completion of direct examination of the witness. Second, Federal Rule of Criminal Procedure 16(a)(2) excepts from the operation of the general discovery provisions of Rule 16 those reports, memoranda, and internal government documents generated during the course of an investigation into the case, except as provided in the Jencks Act. The Rule does not prohibit the disclosure of such items, but states, merely, that it does not authorize them. Third, an overriding principle requires the government to disclose all exculpatory material in its possession. See Brady v. Maryland, 373 U.S. 83 (1963). Defendant makes this request under all three provisions.

As part of this request defendant also requests the name, address and telephone number of each person the government intends to call as a witness at trial. Additionally, defendant requests the name, address and telephone number of each person who was present during or had material information regarding, any act or transaction charged in the indictment, whether or not the government intends to call such a person as a witness at the trial. The request includes a list of all witnesses appearing before the Grand Jury in connection with this case. Advance disclosure of witnesses is essential if defendant's Sixth Amendment right to effective assistance of counsel is to have any real meaning. This request is properly before the court. See United States v. Cadet, 727 F.2d 1453, 1469 (9th Cir. 1984); Wilson v. Rose, 366 F.2d 611 (9th Cir. 1966).

        Pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963); <u>Giglio v. United States</u>, 405 U.S. 150 (1972); <u>Davis v. Alaska</u>, 415 U.S. 308 (1974), defendant makes the following request for:

1) All impeaching evidence such as prior records, prior inconsistent statements, evidence for bias, interest, or motive, and prior uncharged bad acts of all the potential witnesses in this case;

2) All formal or informal promises to reward a witness, such as promises of probation, promises of monetary gain, payment of living or medical expenses, payment for transportation or promises of witness protection;

3) All information relating to alcohol or drug abuse treatment of all potential witnesses, and all information relating to drug uses of each potential witness;

4) All information relating to the use of aliases or fictitious names by each potential government witness;

5) All information relating to prior acts of all potential witnesses which are probative of his character for untruthfulness within the meaning of Federal Rule of Evidence 608(b); and,

6) All information relating to contradictory statements made by all potential government witnesses or agents or representative of any law enforcement entity or other persons.

**E.  Request for Expert Witness Information**

        Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(A) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), defendant requests to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments which are within the possession, custody or control of the government, the existence of which is know, or by the exercise of due diligence may become known to the attorney for the government, and which reports are material to the preparation of the defense or intended for use by the government as evidence in their case in chief at trial.

        In regards to this expert information, defendant requests all rough notes, memoranda, correspondence and reports setting forth the results, whether positive or negative, of all expert

1  analysis regarding fingerprints or any of the seized evidence, scientific analysis of any of the
2  recorded conversations and/or closed circuit television surveillance. In regards to this latter request,
3  defendant requests the opportunity to perform independent scientific analysis on all recorded
4  conversations and all closed circuit television surveillance conducted in this case.

**F.  Defendant is Entitled to Government Disclosure of the Evidence it Intends to Use Against Defendant at Trial**

Pursuant to Federal Rule of Criminal 12(d), defendant requests that this court order the government to disclose the evidence it intends to use against defendant at trial. This request includes any evidence which defendant may be entitled to under Federal Rule of Criminal Procedure 16 subject to any relevant limitation prescribed by that rule.

According to the Assistant United States Attorney prosecuting the case, Defendant is under investigation for other crimes, such as: smuggling aliens where a death resulted. To date no discovery has been turned over of the on going investigation. Defense is requesting such information as soon as possible so that a meaningful decision can be made as to whether or not there is sufficient grounds for "cooperation".

**G.  Defendant is entitled to discovery of the immigration file(A FILE) as the prior deportation is an element of the instant offense.**

Defense has received some discovery in this case. He has not yet received the tapes of the deportation proceedings. In addition, Defense has received partial discovery of the A-file.

Defense needs the opportunity to examine the A-file in its entirety. First, the A-file will have documentation concerning the alleged deportations. Defendant is entitled to assert as an affirmative defense that the prior deportation was invalid because defendant may have been eligible for extraordinary relief from deportation. The documents in the A-file will help determine the validity of such a defense. .

Furthermore, the government will likely try to show, at trial, that a government officer searched the A-file and did not find an application by Defendant for permission to enter the United States. The Certificate of Non-existence will state that if Defendant had applied for permission, that

1  application would definitely be in the A-file; because if an application is not in the A-file, then
2  Defendant must not have applied for permission to enter the United States.
3        Although the certificate might be admissible, the question of how thorough the search of the
4  A-file was is and should be open to cross-examination. *United States v. Sager,* 227 F.3d 1138, 1145
5  (2000) (error not to allow jury to "grade the investigation"). Defendant should be able to search his
6  A-file to see whether an application exists. Moreover, Defendant should be able to verify whether
7  other documents that would ordinarily be in the A-file are "non-existent", that is missing from his
8  A-file. It is a defense that the government lost Defendant's application as it has other documents.
9        Hence, Defendant moves for the production of the following discovery. This request includes
10 discovery of which the government attorney knows, and discovery of which the government
11 attorney may become aware through the exercise of due diligence. See Fed. R. Crim. P.16.

12 **H.  Preserve Rough Notes**
13       Defendant hereby moves this court to order:
14       7)  Preservation and production of rough notes of government witness interviews and the
15            interrogatories of defendant; and,
16       8)  Sanctions for destruction of any of the rough notes including the exclusion of any
17            witness' testimony as to which the rough notes have been destroyed.
18       The grounds for this motion are that rough interview notes must be preserved and disclosed
19 to the defense under the Federal Rule of Criminal Procedure, Rule 16 and 18 U.S.C. Section 3500.

20 **I.  Miscellaneous Additional Discovery Requests**
21       1)  All government forms, notes, memoranda signed by defendant in connection with, or
22            as a result of the arrest herein.
23       2)  Copies of all sound or video tape recordings taken of defendant and any material
24            witnesses during the course of the investigation and arrest herein, and any and all
25            existing transcripts thereof.
26 ///
27                               **II.**
28

1  **ANY STATEMENTS MADE BY LOPEZ-SALVATIERRA**
2  **SHOULD BE SUPPRESSED**

3  **A.   The Government Must Demonstrate Compliance With Miranda.**

4      **1.   Miranda Warnings Must Precede Custodial Interrogation.**

5      The Supreme Court has held that the prosecution may not use statements, whether exculpatory or inculpatory, stemming from a custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. Miranda v. Arizona, 384 U.S. 436, 444 (1966). The law imposes no substantive duty upon the defendant to make any showing other than that the statement was taken from the defendant while the defendant was in custody and being subjected to custodial interrogation. Id. at 476. Custodial interrogation is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. Id. at 477. See Orozco v. Texas, 394 U.S. 324, 327 (1969). In Stansbury v. California, 511 U.S. 318 (1994), the Supreme Court clarified its prior decisions by stating that "the initial determination of custody depends on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned." Id. at 323. The Ninth Circuit has held that a suspect will be found to be in custody if the actions of the interrogating officers and the surrounding circumstances, fairly construed, would reasonably have led him to believe he could not freely leave. See United States v. Lee, 699 F.2d 466, 468 (9th Cir. 1982); United States v. Bekowies, 432 F.2d 8, 12 (9th Cir. 1970). In determining whether a person is in custody, among the factors to be weighed are the language used to summon him, the physical surrounding of the interrogation, and the extent to which he is confronted with evidence of his guilt. United States v. Estrada-Lucas, 651 F.2d 1261 (9th Cir. 1980).

    Once a person is in custody, Miranda warnings must be given prior to any interrogation. In a recent decision, United States v. Leasure, 122 F.3d 837 (9th Cir. 1997), cert. denied, 118 S.Ct. 731 (1998), the Ninth Circuit held that "custody", for purposes of Miranda warnings, could begin at the point of secondary inspection in border cases. Id. at 840. Miranda warnings must advise the defendant of each of his or her "critical" rights. United States v. Bland, 908 F.2d 471, 474 (9th Cir. 1990). If a defendant indicates that

he wishes to remain silent or requests counsel, the interrogation must cease. Miranda, 384 U.S. at 474. See also Edwards v. Arizona, 451 U.S. 477 (1981).

### 2. The Government Must Demonstrate That LOPEZ-SALVATIERRA's Alleged Statement Was Voluntary, Knowing, and Intelligent.

In order for inculpatory statements made by a defendant during custodial interrogation to be admissible in evidence, the defendant's "waiver of Miranda rights must be voluntary, knowing and intelligent." United States v. Binder, 769 F.2d 595, 599 (9th Cir. 1985) (citing Miranda 384 U.S. at 479). See also Schneckloth v. Bustamonte, 412 U.S. 218 (1973). When interrogation continues in the absence of an attorney, and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant intelligently and voluntarily waived his privilege against self-incrimination and his right to retained or appointed counsel. Miranda, 384 U.S. at 475. To satisfy this burden, the prosecution must introduce evidence sufficient to establish "that under the 'totality of the circumstances,' the defendant was aware of 'the nature of the right being abandoned and the consequences of the decision to abandon it." United States v. Garibay, 143 F.3d 534, 536 (9th Cir. 1998) (quoting Moran v. Burbine, 475 U.S. 412, 421 (1986). See also United States v. Doe, 155 F.3d 1070, 1074 (9th Cir. 1998) (holding that the test for reviewing a juvenile's waiver of rights is identical to that of an adult's and is based on the "totality of the circumstances" (citing Fare v. Michael C., 442 U.S. 707, 725 (1979)).

As the Ninth Circuit recently reiterated, "[t]here is a presumption against waiver." Garibay, 143 F.3d at 536, (citing United States v. Bernard S., 795 F.2d 749, 752 (9th Cir. 1986), in turn citing North Carolina v. Butler, 441 U.S. 369, 373 (1966)). The standard of proof for a waiver of this constitutional right is high. Miranda, 384 U.S. at 475. See United States v. Heldt, 745 F.2d 1275, 1277 (9th Cir. 1984) (the burden on the government is great, the court must indulge every reasonable presumption against waiver of fundamental constitutional rights) (citing Johnson v. Zerbst, 304 US 458, 464 (1938)). Accord Garibay, 143 F.3d at 537.

The validity of the waiver depends upon the particular facts and circumstances surrounding the case, including the background, experience, and conduct of the accused. Edwards v. Arizona, 451 U.S. 477, 482 (1981); Johnson v. Zerbst, 304 U.S. 458, 464 (1938). See also United States v. Garibay, 143 F.3d at 536;

1  United States v. Bernard S., 795 F.2d at 751 ("A valid waiver of Miranda rights depends upon the totality
2  of the circumstances, including the background, experience and conduct of the accused."). In Derrick v.
3  Peterson, 924 F.2d 813 (9th Cir. 1990), the Ninth Circuit confirmed that the issue of the validity of a
4  Miranda waiver requires a two prong analysis:  the waiver must be both (1) voluntary and (2) knowing and
5  intelligent. Id. at 820.  The voluntariness prong of this analysis "is equivalent to the voluntariness inquiry
6  [under] the [Fifth] Amendment . . . ." Id.

7  The second prong, however, requiring that the waiver be "knowing and intelligent," mandates an
8  inquiry into whether "the waiver [was] made with a full awareness both of the nature of the right being
9  abandoned and the consequences of the decision to abandon it." Id. (quoting Moran v. Burbine, 475 U.S.
10 412, 421 (1986)). Accord Garibay, 143 F.3d at 436.  This inquiry requires that the court determine whether
11 "the requisite level of comprehension" existed before the purported waiver may be upheld. Id.  Thus,
12 "[o]nly if the `totality of the circumstances surrounding the interrogation' reveal both an uncoerced choice
13 and the requisite level of comprehension may a court properly conclude that the Miranda rights have been
14 waived." Derrick v. Peterson, 924 F.2d at 820 (quoting Moran v. Burbine, 475 U.S. at 521) (emphasis in
15 original) (citations omitted)).

16 Unless and until Miranda warnings and a knowing and intelligent waiver are demonstrated by the
17 prosecution, no evidence obtained as result of the interrogation can be used against the defendant. Miranda,
18 384 U.S. at 479.  The government in the present case has the burden of proving that CAMARGO- SOTO
19 was read his Miranda rights and intelligently and voluntarily waived those rights in all situations in which
20 CAMARGO- SOTO  reasonably believed that he was not free to leave. See United States v. Estrada-Lucas,
21 651 F.2d 1261, 1265 (9th Cir. 1980).

22 **A. LOPEZ-SALVATIERRA's Statements Were Involuntary and Not Knowing.**

23 Even when the procedural safeguards of Miranda have been satisfied, a defendant in a criminal case
24 is deprived of due process of law if his conviction is founded upon an involuntary confession. Arizona v.
25 Fulminante, 499 U.S. 279 (1991); Jackson v. Denno, 378 U.S. 368, 387 (1964).  The government bears the
26 burden of proving that a confession is voluntary by a preponderance of the evidence. Lego v. Twomey, 404
27 U.S. 477, 483 (1972).

28

1    In order to be voluntary, a statement must be the product of a rational intellect and free will.
2 Blackburn v. Alabama, 361 U.S. 199, 208 (1960). In determining whether a defendant's will was overborne
3 in a particular case, the totality of the circumstances must be considered. Schneckloth v. Bustamonte, 412
4 U.S. 218, 226 (1973). Some factors taken into account have included the youth of the accused, his lack of
5 education, his low intelligence, the lack of any advice to the accused of his constitutional rights, the length
6 of the detention, the repeated and prolonged nature of the questioning, and the use of physical punishment
7 such as the deprivation of food or sleep. Id.

8    In determining the voluntariness of a confession, the Ninth Circuit has required consideration of
9 "whether, under the totality of the circumstances, the challenged confession was obtained in a manner
10 compatible with the requirements of the Constitution." United States v. Bautista-Avila, 6 F.3d 1360, 1364
11 (9th Cir. 1993). A statement is considered involuntary if it is "extracted by any sort of threats or violence,
12 [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper
13 influence." Hutto v. Ross, 429 U.S. 28, 30 (1976) (quoting Bram v. United States, 168 U.S. 532, 542-43
14 (1897)). See also United States v. Tingle, 658 F.2d 1332, 1335 (9th Cir. 1981)(agent's express statement
15 that defendant would not see her child "for a while" and warning that she had "a lot at stake", referring
16 specifically to her child, were patently coercive and defendant's resultant confession held involuntary).

17    **C.  This Court Should Conduct An Evidentiary Hearing**.

18    LOPEZ-SALVATIERRA requests that this Court conduct an evidentiary hearing to determine
19 whether his statements should be admitted into evidence. Under 18 U.S.C. § 3501(a), this Court is required
20 to determine, outside the presence of the jury, whether any statements made by CAMARGO- SOTO are
21 knowing and voluntary. In addition, § 3501(b) requires this Court to consider various enumerated factors,
22 including whether LOPEZ-SALVATIERRA understood the nature of the charges against him and
23 whether he understood his rights. Without evidence, this Court cannot adequately consider these statutorily
24 mandated factors.

25    Moreover, § 3501(a) requires this Court to make a factual determination. Where a factual
26 determination is required, courts are obligated to make factual findings by Fed. R. Crim. P. 12. See United
27 States v. Prieto-Villa, 910 F.2d 601, 606-10 (9th Cir. 1990). Because "`suppression hearings are often as

28

1  important as the trial itself,'" id. at 609-10 (quoting Waller v. Georgia, 467 U.S. 39, 46 (1984)), these
2  findings should be supported by evidence, not merely an unsubstantiated recitation of purported evidence
3  in a prosecutor's responsive pleading.

### III.

### LEAVE TO FILE FURTHER MOTIONS

6       A continuance may be warranted in this matter due to the fact that further discovery is
7  required in order to adequately prepare motions; at this date, some discovery has been provided.
8  Accordingly, defendant prays for leave to file further motions should such motions be warranted.

10 Dated: _____                                  Respectfully submitted,

14                                     s/*Roseline D. Feral*
                                    ROSELINE D. FERAL
                                    Attorney for Defendant
15                                     MELKIADES LOPEZ-SALVATIERRA

UNITED STATES v. **JESUS CARO-BRACAMONTES**
District Court Number: 09CR0536-JLS

CERTIFICATE OF SERVICE

I am a citizen of the United States and a resident of San Diego County located in the Southern District of California. I am over the age of 18 years and not a party to the within action. My office address is 444 West C Street, Suite 310, San Diego, California 92101.

On March 26, 2008, I personally caused to be delivered one copy of the following:

**NOTICE OF MOTIONS AND MOTIONS TO: 1. DISMISS THE INDICTMENT DUE TO INVALID DEPORTATION AND REMOVAL; 2. DISCOVERY AND NOTES PRESERVATION; 3. AND FOR LEAVE TO FILE FURTHER MOTIONS AND EXHIBITS.**

to the following parties:

UNITED STATES ATTORNEY

880 Front Street, Suite 6293

San Diego, CA 92101

I certify under penalty of perjury that the foregoing is true and correct.

Executed this <u>26th</u> day of March, 2008, at San Diego, California.

                                          s/ Roseline D. Feral
                                          ROSELINE D. FERAL